UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff, | § § § | |
| v. | § | 3:11-CR-035-B |
| THOMAS W. RICHARDSON,<br>Defendant. | § § § § | ECF |

## ELEMENTS AND PUNISHMENT OF THE OFFENSES AND FACTUAL RESUME

In support of the Defendant's plea of guilty to Counts Eight and Thirteen of the Indictment that charge a violation of 18 U.S.C. § 641 (theft of government property) and 18 U.S.C. § 1028A (aggravated identity theft), THOMAS W. RICHARDSON ("Mr. Richardson") and his counsel, Assistant Federal Public Defender John M. Nicholson, stipulate and agree to the following:

### ELEMENTS OF AND PUNISHMENTS FOR THE OFFENSES

Count Eight
Theft of Government Property
(Violation of 18 U.S.C. § 641)

The elements of Count Eight are:

*First*: That the money described in the indictment, to wit: a purported tax refund for S.W., belonged to the United States government and had a value in excess of $1000 at the time alleged in the indictment;

*Second*: That the defendant stole and converted such money to the defendant's own use; and

*Third*: That the defendant did so knowing that the money was not his, and with intent to deprive the owner of the use and benefit of the money.

The maximum penalties the Court can impose in Count Eight are:

a. imprisonment for not more than 10 years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant;

    c.    a term of supervised release of not more than three years that shall follow any term of imprisonment. If the defendant violates the conditions of supervised release, the defendant could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    f.    costs of incarceration and supervision.

Count Thirteen
Aggravated Identity Theft
(Violation of 18 U.S.C. § 1028A)

The Elements of Count Thirteen are:

*First*:    That the defendant knowingly transferred, possessed, or used S.W.'s name and social security number;

*Second*:    That the defendant did so without lawful authority; and

*Third*    That the defendant did so during and relation to theft of government property as described in count Eight of the Indictment.

The maximum penalties the Court can impose in Count Two are:

    a.    imprisonment for a mandatory term of 2 years, which the defendant must serve consecutively to any punishment imposed under count Eight of the Indictment; and

    b.    a mandatory special assessment of $100.00;

**SENTENCING IN THIS CASE**

Mr. Richardson has discussed the Federal Sentencing Guidelines with his attorney and understands that the sentence in this case will be imposed by the district court after it has considered the Guidelines and the factors included in 18 U.S.C. § 3553(a). However, the Guidelines are not binding and the district court, in its discretion, may sentence Mr. Richardson to the statutory maximum penalties (including ten years for count Eight of the indictment) as

long as such a sentence is reasonable. Congress has abolished parole so if/when the district court sentences Mr. Richardson to a term of imprisonment, he will not be released on parole.

## CONSTITUTIONAL RIGHTS AND WAIVER OF THOSE RIGHTS

1. Mr. Richardson understands that he has the following constitutional rights:

    a. the right to plead not guilty to the charged offenses;

    b. the right to have a trial by a jury;

    c. the right to a determination of whether his guilt can be proven beyond a reasonable doubt;

    d. the right to confront and cross-examine witnesses and to call and subpoena witnesses in his defense; and

    e. the right to not be compelled to incriminate himself.

2. The waiver of these rights.

Mr. Richardson waives the aforementioned rights and pleads guilty to Counts Eight and Thirteen of the Indictment that charge a violation of 18 U.S.C. § 641 (theft of government property) and 18 U.S.C. § 1028A (aggravated identity theft). Mr. Richardson understands the nature and the elements of the offenses to which he is pleading guilty and agrees that the following stipulated facts are true and will be submitted as evidence.

## STIPULATED FACTS

### Counts Eight and Thirteen

In 2006, Mr. Richardson was seeking funding to establish a real estate business. His search was not successful. Over the course of his search, Mr. Richardson met a person that he knows only as "Larry Johnson." Johnson agreed to become partners with Mr. Richardson in his

real estate venture. Mr. Richardson and Johnson sought credit for the venture together, but were not successful.

Out of frustration, Mr. Richardson and Johnson created a plan in which they could secure the funding necessary for the real estate venture. Specifically, they would file false income tax returns with the Internal Revenue Service ("IRS"), direct the IRS to deposit the refunds in Mr. Richardson's bank accounts, and then use the money to begin the real estate venture. Johnson, employing some method unknown to Mr. Richardson, produced a list of names and social security numbers. Then, Mr. Richardson and Johnson worked together to create corresponding, fraudulent tax returns. The returns directed the IRS to deposit the refunds in one of two bank accounts that Mr. Richardson owned.

Mr. Richardson intended to use this money to fund the real estate venture. He also intended to take some of the profit that he was confident that he would realize from the real estate venture and use it to send checks to the IRS, along with amended returns, that corresponded to the fraudulent returns that Mr. Richardson and Johnson created. Essentially, Mr. Richardson endeavored to trick the IRS into loaning him the money necessary to begin the real estate venture and then repay the IRS prior to the IRS realizing what had happened.

Unsurprisingly, this plan was short-lived. Mr. Richardson's bank noticed that the tax refunds were being deposited directly into his two accounts. The bank froze Mr. Richardson's accounts, notified the IRS, and the instant prosecution followed. Shortly after Mr. Richardson's bank froze his accounts, Johnson disappeared and, despite his best efforts, Mr. Richardson has been unable to locate him.

Between April 15, 2006 and April 17, 2006, Mr. Richardson filed or caused to be filed

twenty-nine fraudulent 2005 IRS Forms 1040, U.S. Individual Income Tax Returns, including the return listed in count Eight of the indictment. Each federal income tax return reported wages between $695,000 and $1,500,000. The returns also reported partnership (*i.e.* schedule E losses) between $485,000 and $1,115,652. As a result, each tax return claimed a refund of between $215,801 and $473,832. The total refunds claimed by all 29 tax returns totaled $7,922,657.

Each tax return was filed claiming the married filing jointly election and listing two taxpayers, husband and wife. In each case, the Social Security Number was assigned to an individual. In most cases, the names on the tax return matched the name of the individuals to whom the Social Security numbers were assigned. This includes S.W.'s name on the tax return identified in counts Eight and Thirteen of the Indictment. Mr. Richardson and Johnson prepared and filed these tax returns without the authorization of the fifty-eight taxpayers listed on the tax returns. Twenty-five of these tax returns directed the IRS to deposit the refunds into Mr. Richardson's business bank account at Wachovia, account number xxxxxxxxx23950; four of these tax returns directed the IRS to deposit the refunds into a bank account at Wachovia belonging to Mr. Richardson and his wife, account number xxxxxxxxx00725.

In response to receiving these tax twenty-nine tax returns, the IRS paid out seven refunds for a total $1,865,401 between May 12, 2006 and May 19, 2006. The IRS deposited these refunds into Mr. Richardson's accounts at Wachovica. These accounts were held in Mr. Richardson's true name. Between May 17, 2006 and May 23, 2006, Mr. Richardson transferred $1,556,000 into another one of his accounts at Wachovia.

Wachovia subsequently froze Mr. Richardson's accounts and, as a result, the IRS recouped all but a minute fraction of the $1,865,401.[1]

## VOLUNTARINESS OF THE PLEA OF GUILTY

Mr. Richardson has thoroughly reviewed his constitutional rights, the facts of his case, the elements of the offenses, the statutory penalties, the Guidelines, and 18 U.S.C. § 3553(a) with his attorney. Mr. Richardson has received satisfactory explanations regarding every aspect of this document and the alternatives to signing this document, and he is satisfied with his attorney's representation of him in this case. Mr. Richardson concedes that he is guilty of Counts Eight and Thirteen of the Indictment and that it is in his best interests to plead guilty instead of going to trial.

**AGREED TO AND SIGNED** this ____ day of August, 2011.

_____  _____
Thomas W. Richardson           John M. Nicholson
Defendant                      Attorney for Mr. Richardson

---

[1] The government contends that the actual loss to the IRS is $31,149. The defense is still in the process of verifying this calculation.